Argued and submitted August 29, affirmed October 10, reconsideration denied November 16, petition for review denied December 18, 1984 (298 Or 427)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL GAYLEN MADISON,
*Appellant.*

(10-82-04035, 10-82-04036; CA A30509, A30510)
(Cases Consolidated)

688 P2d 1391

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In these consolidated appeals, defendant challenges two burglary convictions. He argues that the trial court erred in failing to grant him an omnibus hearing before ruling on his motions to dismiss the charges on speedy trial and jurisdictional grounds. We conclude that defendant did not request an omnibus hearing. Therefore, we affirm.

The record in each case is identical. On August 9, 1983, defendant's attorney filed a motion to dismiss for lack of jurisdiction or, alternatively, for lack of speedy trial. He requested oral argument on the motion. Under Lane County practice at the time, the court would not hear oral argument without such a request. *Former* Circuit Court Rule 4.060(3) (amended 1984). The state also requested oral argument. It is not clear from the record or briefs whether there was oral argument, but on August 30 the court denied the motion. On September 8, defendant filed a motion to reconsider. He did not specifically request oral argument, but his attorney's affidavit stated that "the Defendant is entitled to have a full hearing on the merits of his Motion to Dismiss." On September 14, defendant was convicted after a stipulated facts trial. On September 15, the court denied defendant's motion to reconsider.

ORS 135.037(1) provides:

"At any time after the filing of the accusatory instrument in circuit court and before the commencement of the trial thereon, the court upon motion of any party shall, and upon its own motion may, order an omnibus hearing."

Defendant's request for oral argument on his first motion was not a request for an omnibus hearing. His attorney's affidavit in support of his motion to reconsider did not move for anything. If defendant believed that the trial court had denied him an omnibus hearing to which he was entitled by statute, he should have raised the issue before beginning trial. That is particularly true as to his motion to reconsider, which was still pending. He did not do so. Because he failed to move for an omnibus hearing, he has nothing on which to base his claim that the court erred in denying him one.

Affirmed.